O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7181 AHM (VBKx) √<br>CV 07-7184 AHM (VBKx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | INIGUEZ v. EVERGREEN AVIATION GROUND LOGISTICS ENTER., INC., et al.<br>TRUJILLO v. EVERGREEN AVIATION GROUND LOGISTICS ENTER., INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs: Attorneys **NOT** Present for Defendants:

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Plaintiffs brought this action in state court for various violations of the California Labor Code and for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. Among their claims are failure to provide meal and rest breaks in violation of Cal. Labor Code §§ 226.7 and 512. Plaintiffs have moved to certify three classes of current and former employees who currently provide or previously provided ramp services. Two of these classes include subclasses of employees and former employees who were not provided the required meal and rest breaks, or premium pay for missed meal periods and rest breaks (Cal. Labor Code §§ 226.7, 512; and Wage Order 9). The parties fully briefed the motion, and the Court took it under submission on July 23, 2009.

There are many issues at play in this motion for class certification, but one fundamental issue could affect many others: whether Defendant, as an employer, is required under Cal. Labor Code §§ 226.7 and 512 and the related regulatory provisions to ensure its employees take their meal and rest breaks, or whether it merely needs to offer breaks to its employees.

Plaintiffs are former employees of Defendant who assert that, among other things, they were not allowed to take their meal and rest breaks and that they were not reimbursed for missed meal and rest periods as required by Cal. Labor Code § 226.7. They further allege that these policies were uniform for all employees and across all of Defendant's locations in California and that, therefore, class certification is warranted.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7181 AHM (VBKx) √<br>CV 07-7184 AHM (VBKx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | INIGUEZ v. EVERGREEN AVIATION GROUND LOGISTICS ENTER., INC., et al.<br>TRUJILLO v. EVERGREEN AVIATION GROUND LOGISTICS ENTER., INC., et al. | | |

Defendant responds that the availability of breaks varies by employee, position, and shift, and that individual issues such as decisions to waive a meal break will predominate over common questions at trial, so class certification is not appropriate. Specifically, Defendant argues that in asserting the defense of unclean hands and good faith it will need to demonstrate why it should not be liable for failing to provide a meal period to an employee who disobeyed his or her supervisor's instructions or the company's policy to take the meal or rest period. Defendant further argues that individual issues will arise in its assertion of the defense that it should not be held liable for "not 'providing' meal periods when those meal periods were missed because supervisors in the putative class failed to perform their responsibilities to monitor and enforce meal periods . . . ." Opp'n. at 24.

These claims and the issue of whether common questions predominate over individual questions under Fed. R. Civ. P. 23(b)(3) implicate the question of whether an employer need merely make breaks available to its employees or instead that it actually ensure that they take them. This issue is central to the determination of this motion because Defendant argues that a multiplicity of individual circumstances—most notably, particular employees' choices not to take a break on a given day and supervisors' failure to enforce meal periods— predominate over common issues. The question of whether an employer must ensure that its employees take meal breaks under the applicable statutory and regulatory scheme will thus affect Defendant's argument.

In *Cicairos*, the California Court of Appeal found that "the defendant's obligation to provide the plaintiffs with an adequate meal period is not satisfied by assuming that the meal periods were taken, because employers have 'an affirmative obligation to ensure that workers are actually relieved of all duty.'" *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949, 962 (Ct. App. 2005) (quoting an opinion letter of the Division of Labor Standards Enforcement). The district courts that have addressed this issue directly have limited the holding in *Cicairos*, finding that the quoted language is consistent with a duty merely to provide the right to take breaks, since the employer in *Cicairos* actively pressured its employees not to take breaks. *See, e.g.*, *Kenny v. Supercuts, Inc.*, 252 F.R.D. 641, 645 (N.D. Cal. 2008); *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 586 (C.D. Cal. 2008); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007). These courts have further held that an employer has no affirmative duty to ensure

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7181 AHM (VBKx) √<br>CV 07-7184 AHM (VBKx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | INIGUEZ v. EVERGREEN AVIATION GROUND LOGISTICS ENTER., INC., et al.<br>TRUJILLO v. EVERGREEN AVIATION GROUND LOGISTICS ENTER., INC., et al. | | |

its employees take their breaks. *Id.*

The California Supreme Court has accepted for review the *Brinker Restaurant* case, in which the court is expected to answer the question of whether employers must ensure their employees take meal breaks under the applicable statutory and regulatory scheme. *Brinker Restaurant Corp. v. Superior Court*, 85 Cal. Rptr. 3d 688 (Cal. 2008). The trial court in *Brinker Restaurant* certified a class for claims under Cal. Labor Code § 226.7 and 512, finding that common questions predominated despite the employer's argument that it need not force employees to take breaks. *See Brinker Restaurant Corp. v. Superior Court*, 2007 WL 2965604 at *8, *17-19 (Ct. App. Oct. 12, 2007). It did not resolve what the legal requirement on this point actually is, however, and the Court of Appeal remanded the case for the trial court to answer the question of whether employers must ensure breaks are taken. 2007 WL 2965604 at *17-19. The Court of Appeal refused to find that *Cicairos* compelled it to acknowledge an affirmative duty of employers to ensure employees take their breaks. *Id.* at *18-19. Instead of the case proceeding on remand, however, the California Supreme Court granted review. 85 Cal. Rptr. 3d 688 (Cal. 2008). It appears as though the question of the scope of the employer's duty as to meal breaks under the California Labor Code and its regulations will be decided definitively by the highest authority—the California Supreme Court. If the California Supreme Court holds that there is a duty to ensure breaks are taken, then one of the main reasons for Defendant's opposition to predominance of common issues with respect to the meal and rest period claims will disappear.

Thus, it may make sense for this Court to await the California Supreme Court's decision in *Brinker Restaurant* before making its own decision on this class certification motion. Accordingly, the parties are ORDERED to meet and confer to discuss whether or not the class certification motion or any other proceedings in this case should be stayed, and shall set forth to the Court their respective views on the issue. They shall do so by October 5, 2009, in a report not exceeding ten pages.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

______ : ______

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-7181 AHM (VBKx) √<br>CV 07-7184 AHM (VBKx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | INIGUEZ v. EVERGREEN AVIATION GROUND LOGISTICS ENTER., INC., et al.<br>TRUJILLO v. EVERGREEN AVIATION GROUND LOGISTICS ENTER., INC., et al. | | |

Initials of Preparer se